**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2416**

SYNAPTEK CORPORATION, a Virginia Corporation,

Plaintiff - Appellant,

v.

SENTINEL INSURANCE COMPANY, a Connecticut Corporation,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:18-cv-00968-LO-MSN)

Submitted: April 24, 2019                                 Decided: June 4, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and Ellen L. HOLLANDER, United States District Judge for the District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

David A. Gauntlett, James A. Lowe, GAUNTLETT & ASSOCIATES, Irvine, California, for Appellant. Jonathan A. Constine, TROUTMAN SANDERS, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal involves an insurance coverage dispute governed by Virginia state law. At issue is whether the policy in question obligates the insurer, Sentinel Insurance Company, to defend its insured, Synaptek Corporation, in a separate lawsuit. We agree with the district court that Sentinel has no such obligation, and so affirm the judgment of the district court.

In 2013, Synaptek, a provider of technology services, purchased from Sentinel an insurance policy that provided coverage for certain legal costs. Several years later, a third party sued Synaptek, alleging trademark infringement and violations of state unfair competition law in connection with Synaptek's advertising and marketing. Synaptek, believing that its insurance policy covered the costs associated with those claims, asked Sentinel to defend against them. When Sentinel refused, Synaptek filed this action, seeking a declaration that the policy covered the claims in the underlying trademark dispute and so required Sentinel to provide a defense. According to Synaptek, two specific sections of the insurance policy provided coverage: the Business Liability Section and the Technology Section. Sentinel moved to dismiss, arguing that those sections, far from guaranteeing coverage for the underlying trademark claims, unambiguously foreclosed it. In a thorough and well-reasoned opinion, the district court agreed with Sentinel and granted its motion to dismiss.

The court began with the Business Liability Section of the policy. That section, the court noted, covers "personal and advertising" injuries arising out of eight listed offenses. J.A. 555; *see also* J.A. 68–69 (insurance policy). Synaptek pointed to one (and

2

only one) of the listed offenses – copying in advertising – and argued that because the underlying trademark claims fell within that category, it was entitled to coverage. And that might well be the case if this were the policy's last word on the matter, but as the district court explained, it is not: The policy also contains an endorsement – titled "Personal and Advertising Injury Exclusion – Limited" – that narrows the scope of the Business Liability Section. J.A. 556; *see also* J.A. 76 (insurance policy). That endorsement makes clear that coverage applies only to three of the offenses listed in the Business Liability Section – false arrest, malicious prosecution, and wrongful eviction – and precludes coverage for all other offenses, including copying in advertising. Given the "clear and unambiguous" language of the endorsement, the court concluded that the Business Liability Section could not provide coverage for the claims asserted in the underlying trademark dispute. J.A. 556.

The court then turned to the Technology Section, and concluded that it also failed to provide coverage. The Technology Section, the court noted, applies by its terms only to claims for "glitches" in technology services "performed for others." J.A. 556–57; *see also* J.A. 90 (insurance policy). The underlying claims in the trademark dispute, however, "centered on [Synaptek's] marketing of its *own* products and services," rather than its performance of services "for others." J.A. 557. Accordingly, the court reasoned, those claims fell outside the scope of the Technology Section's coverage.

But even if those claims came within the Technology Section, the court further explained, coverage was foreclosed for an additional reason. The Technology Section, like the Business Liability Section, is subject to an exclusion, and that exclusion

3

unambiguously precludes coverage for precisely the types of claims involved in the underlying trademark dispute – namely, "intellectual property" claims, "including but not limited to" claims for "[i]nfringement or dilution of:  title, slogan, trademark, trade name, trade dress, service mark or service name." *Id.*; *see also* J.A. 97 (insurance policy).  Any doubt about whether that exclusion is broad enough to reach the state-law unfair competition claims against Synaptek, the court reasoned, was resolved by this court's decision in *Superformance International, Inc. v. Hartford Casualty Insurance Co.*, 332 F.3d 215 (4th Cir. 2003), which held that "various sorts of trademark violations and related unfair competition based on those violations" fell within the ambit of a trademark infringement exclusion similar to, but narrower than, the one at issue here.  J.A. 558 (quoting *Superformance Int'l, Inc.*, 332 F.3d at 222 (applying Virginia law)).

Synaptek timely appealed the dismissal of its complaint, contending that the district court erred in concluding that the Business Liability and Technology Sections do not provide coverage and arguing – for the first time on appeal – that a whole new section of the insurance policy, the Umbrella Section, also covers the underlying trademark dispute.  We review de novo the district court's decision to grant Sentinel's motion to dismiss.  *See Hately v. Watts*, 917 F.3d 770, 781 (4th Cir. 2019).  Having carefully considered the controlling law and the parties' briefs, we agree with the district court that the Business Liability and Technology Sections do not provide coverage for the underlying trademark dispute and so do not obligate Sentinel to defend against those claims.  We decline to address Synaptek's argument that the Umbrella Section of the policy covers the claims because Synaptek waived that argument by failing to raise it

4

before the district court.  *See Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 201 n.23 (4th Cir. 2017) (declining to address argument raised for the first time on appeal). Accordingly, we affirm for the reasons stated by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*AFFIRMED*